Mr- Justice Johnson,
disséntqd. This valuable vessel, with a cargo worth. 120,000 dollars, is claimed' as Russian property. She was libelled . as forfeited under the .provision-of the non importation act, and all questions respecting proprietary interest I consider irrelevant to the case. The excuse for putting into the port of Bass-Harbour was distress, and, .as in the case of the New-York,a the minority of the - court are of opinion, that she ought,to have been permitted to store her cargo, repair, ire-ship it, and depart. Such evidently . was the policy of the law. under which she was seized,. which, had for its object the *408 ««elusion of British goods’whereas .this seizure legalized, their i at rod uc lion into the country*
It is urged .ii this ..case,. that a variety ‘bf circuí»!-* stances ■ indicated a fraudulent intention. That the examination of the witnesses . exhibits á melancholy view: of depravity of morals, I freely admit l, ' but the observation is fully as applicable to the testimony for. the prosecution, as that against it.-
The two principal .circumstances.relied on as indicia' of -fraud, to . wit, her..clearing out for Havanna,and her having a cargo adapted'to a northern market, admit of an explanation perfectly consistent with innocence? For it is well known that á neutral never clears out froan a .British port to-a port of their enemy '»- and.kp té bier'hawing a cargo adapted to a northern market, it , is precisely what she avows-, that her intention-:. Wab-b' deposite it in-that market had the- prohibition Beeataken off on her arrival.
Under thesé cürcumsfánees, it appears to-me.that the only question in the case .was-, whether the distress wag-accidental or factitibiis; If there had been-any fraudulent means made use of toi produce the injury sustained condemnation ought to follow. But if produced By canses not within the . control óf man, even though thb distress may not have been deemed, sufficient to entitle the party to'a permit to unlade and refit, yet it was no sufficient causé for condemnation, and'the vessel should have been ordered off. That the distress in this case was not factitious, nor very • inconsiderable, there is every reaáon,to believe. The .vessel had had a voyage of. seventy-five days; nearly double What might- reasonably have been provided, for she had *409 Shipped a sea which carried away her. railings, hftd washed overboard one of her passengers ; her .shroudsaiíd bow-sprit weré materially damaged, and her water short. Under these circumstances, I must think that this collector was. less under the influence of humanity and a s°nse of duty, than that of avarice, in making this seizure. Had he libelled her as enemy’s property, X should have thought the case not destitute of reasonable grounds ; but it was not his interest to convert her into a drojt of admiralty, and it is not our; province* under this libel, to admit any thing into the case which Can bear the appearance of charging with one crime* and trying for another»
Decree affirmed

 Vide ante, p. 59.